IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BANK OF AMERICA, N.A.,               )
                                     )   Civil Action
               Plaintiff             )   No. 09-cv-00705
                                     )
          vs.                        )
                                     )
COLONY PARK AT BENDERS CHURCH,       )
  LP,                                )
                                     )
               Defendant             )


                         *   *   *


APPEARANCES:

          MARK D. PFEIFFER, ESQUIRE
               On behalf of Plaintiff

                    *   *   *

               O P I N I O N


JAMES KNOLL GARDNER
United States District Judge


          This matter is before the court on Plaintiff's Motion

for Summary Judgment or, in the Alternative, Default Judgment

filed June 21, 2010.  Defendant Colony Park at Benders Church, LP

has neither appeared in this action, nor responded to this

motion.[1]  Plaintiff claims that defendant has breached its

repayment obligations to plaintiff under the terms of a

_____

          [1]     As of the date of this Order, no response in opposition to the
motion has been filed.  Therefore, while the motion is uncontested, I consider
plaintiff's motion for summary judgment pursuant to Federal Rule of Civil
Procedure 56 which permits the granting of summary judgment only where there
are no genuine issues of material fact for trial and judgment as a matter of
law is appropriate.

Construction Loan Agreement and two notes.[2]  Plaintiff seeks

judgment against defendant in the amount of $3,654,689.93,

representing the total amount of principal and interest due and

owing by defendant to plaintiff under the notes as of May 16,

2010.[3]  For the reasons set forth below, I grant plaintiff's

motion for summary judgment.

<u>Facts</u>

Based upon the pleadings, record papers, affidavits and

exhibits submitted by plaintiff, as uncontroverted, or otherwise

taken in the light most favorable to the defendant, the pertinent

facts are as follows.

On or about June 12, 2007, defendant Colony Park at

Benders Church, LP signed, executed and delivered to plaintiff

Bank of America, N.A. a Construction Loan Agreement dated

June 12, 2007.[4]  Under the terms of the agreement, plaintiff

agreed to lend and defendant agreed to borrow (1) a sum not in

excess of $2,887,500.00 (the "A & D Loan"[5]), and (2) a sum not in

excess of $1,900,000.00 (the "Revolving Loan"), for the purpose

---

[2]     Amended Complaint, ¶ 13; Motion for Summary Judgment, ¶ 6.

[3]     Motion for Summary Judgment, ¶ 15.

[4]     Amended Complaint, Ex. A; Affidavit of Carol L. Dyer ("Dyer
Affidavit"), ¶ 7.  According to the Dyer Affidavit, which affidavit was
attached to plaintiff's motion, Ms. Dyer is a Senior Portfolio Officer for
plaintiff, and the relationship manager for the accounts at issue in this
case, and thus has personal knowledge of, and is fully familiar with, the
facts and circumstances set forth in the affidavit.  Dyer Affidavit, ¶¶ 2
and 4.

[5]     "A & D Loan" is an abbreviation for "Acquisition and Development
Loan."  Dyer Affidavit, Exhibit B.

2

of refinancing the acquisition cost of certain real estate and the construction of certain improvements thereon.[6]

The loans are evidenced by an A & D Mortgage Note ("A & D Note")[7] in the original maximum principal amount of $2,887,500.00, and a Revolving Mortgage Note ("Revolving Note")[8] in the original maximum principal amount of $1,900,000.00, both dated June 12, 2007.[9] Defendant is the maker of the notes and plaintiff is the payee under the notes.[10]

As evidenced by an Open End Mortgage and Security Agreement executed June 12, 2007, defendant granted plaintiff a security interest and lien in (1) a lot or parcel of real estate located in Plainfield Township, Northampton County, Pennsylvania, as shown on the final subdivision plan titled "Estates at Colony Park", recorded in Northampton County Record Book Volume 2007-5, Page 275;[11] and (2) all personal property included in the real property.[12]

Plaintiff perfected its security interest by filing UCC-1 financing statements and recording the Mortgage with the

---

[6]     Amended Complaint, Exhibit A, ¶ 1; Dyer Affidavit, ¶ 7.

[7]     Amended Complaint, Exhibit B.

[8]     Amended Complaint, Exhibit C.

[9]     Dyer Affidavit, ¶ 8.

[10]     Defendant is referred to as "Borrower", and plaintiff is referred to as "Bank", in the notes.  Amended Complaint, Exhibits B and C.

[11]     Amended Complaint, Exhibit "A" to Exhibit D.

[12]     Amended Complaint, page 2, ¶ (2).

County of Northampton Recorder of Deeds.[13]  Plaintiff has a

first-priority security interest in all of defendant's assets,

including the real and personal property.[14]

Defendant is in default under the terms of the

Construction Loan Agreement, Revolving Note and A & D Note

because of its failure to pay the amounts due and owing on and

after November 25, 2008.[15]  As of February 11, 2009, the

principal balance of the A & D Note was $1,853,016.68[16] and the

principal balance of the Revolving Note was $786,453.20[17].

On February 19, 2009, plaintiff filed its original

Complaint (Document 1).  Plaintiff filed an Amended Complaint[18]

on May 14, 2009 (Document 18), seeking judgment against defendant

for the total amount due under the notes (including principal and

interest) of $2,693,597.35.[19]

---

[13]    Dyer Affidavit, ¶ 9; Amended Complaint, Exhibit D.

[14]    Dyer Affidavit, ¶ 9.

[15]    Amended Complaint, ¶ 12; Dyer Affidavit, ¶ 10.

[16]    Amended Complaint, ¶ 13; Dyer Affidavit, ¶ 12 and Exhibit B.

[17]    Amended Complaint, ¶ 13; Dyer Affidavit, ¶ 12 and Exhibit C.

[18]    By Order dated April 23, 2009, I gave plaintiff until May 15, 2009 to file an amended complaint for the limited purpose of establishing this court's jurisdiction over the subject matter of the case (Document 17).  On May 14, 2009 plaintiff filed its Amended Complaint which properly established diversity jurisdiction pursuant to 28 U.S.C. § 1332.

[19]    According to the Amended Complaint, the total amount due under the notes of $2,693,597.35 is calculated as follows:

> A & D Note:
>
> | Principal | $1,853,016.68 |
> | Interest  | 37,999.71 |
> | Total     | $1,891,016.39 |

(Footnote 19 continued):

4

After the original complaint was filed, additional principal became due and owing as a result of additional advances under the notes.[20] Specifically, on May 7, 2009 an additional principal charge on the A & D Note in the amount of $511,754.87 was made in connection with the payment on a letter of credit issued by plaintiff to Northampton County related to defendant's development of the real estate.[21]

Subsequently, on August 31, 2009, an additional principal charge in connection with the Revolving Note was incurred as a result of Plaintiff's advance of $68,421.50 to the

---

(Continuation of footnote 19):

|  | Revolving Note: |
|---|---|
| Principal | $786,453.20 |
| Interest | 16,217.76 |
| Total | $802,580.96 |

Amended Complaint, ¶ 13.

It appears that plaintiff made a mathematical error in adding the principal and interest due under the Revolving Note. This total should be $802,670.96, making the total amount due under both notes $2,693,687.35. However, for the following reasons this error is not relevant in disposing of plaintiff's motion for summary judgment.

In disposing of a motion for summary judgment, I may grant relief beyond what is demanded in the complaint if plaintiff establishes it is entitled to that relief. See Fed.R.Civ.P. 54(c); Davis v. Romney, 490 F.2d 1360, 1367 (3d Cir. 1974). As discussed in detail in this Opinion, plaintiff's within motion for summary judgment seeks judgment against defendant for $3,654,689.93, an amount greater than that sought in the Amended Complaint. This figure represents the total amount due and owing under the notes as of May 16, 2010 after taking into account several post-complaint advances and additional interest.

Upon review of the record, I find the mathematical calculations in plaintiff's motion to be accurate. Therefore, because I conclude that plaintiff has established that it is entitled to judgment in the amount sought in the within motion for summary judgment, the miscalculation in the Amended Complaint is irrelevant.

[20]     Dyer Affidavit, ¶ 13.

[21]     Dyer Affidavit, ¶ 13.a. and Exhibit B.

5

court-appointed receiver for the purposes of preserving and protecting the collateral.[22]  Additional principal charges totaling $10,156.77 in connection with the Revolving Note were incurred as a result of plaintiff's advances on behalf of the defendant for insurance premiums for the collateral.[23]

Finally, on February 26, 2010, a payment of $5,050.87 was applied to the A & D Note which represents an offset from defendant's checking account with plaintiff.[24]



---

[22]    Dyer Affidavit, ¶ 13.b. and Exhibit C.

[23]    Dyer Affidavit, ¶ 13.c. and Exhibit C (which refers to plaintiff's advances as "Protective Advances for Forced Placed Insurance").  The total payment of $10,156.77 for insurance premiums for the collateral is comprised of the following payments:

            1.    February 24, 2009 - $5,651.86
            2.    April 8, 2009 - $1,115.36
            3.    May 7, 2009 - $1,115.36
            4.    June 9, 2009 - $1,115.36
            5.    July 15, 2009 - $1,137.69
            6.    August 11, 2009 - $1,102.14
            7.    February 24, 2010 - ($1,081.00)

Id.  I note that the June 9, 2009 payment of $1,115.36 was not listed in ¶ 13.c. of the Dyer Affidavit.  However, page 2 of Exhibit C to the Dyer Affidavit, a spreadsheet reflecting the above-listed insurance payments, indicates that this payment was made.

[24]    Dyer Affidavit, ¶ 14 and Exhibit B.

With the addition of the above post-complaint charges, the current principal balance for the A & D Note is $2,359,720.68[25], and the current principal balance on the Revolving Note is $865,031.47[26].

Interest due on the A & D Note and Revolving Note is based upon the plaintiff's "prime rate" plus a spread of one-half of one percent (.50%).[27] After defendant's default on November 25, 2008, plaintiff was entitled under the terms of the notes to charge a default interest rate of five percent more than the non-default rate.[28] As of May 16, 2010, the total unpaid interest on the A & D Note was $311,797.73[29] and the total unpaid interest on the Revolving Note was $118,140.05[30].

---

[25] The $2,359,720.68 principal balance on the A & D Note is calculated as follows:

| | |
|---|---|
| Balance as of February 11, 2009 | $1,853,016.68 |
| Letter of Credit Advance | 511,754.87 |
| Offset Payment | (5,050.87) |
| Total | $2,359,720.68 |

Dyer Affidavit, ¶ 15 and Exhibit B.

[26] The $865,031.47 principal balance on the Revolving Note is calculated as follows:

| | |
|---|---|
| Balance as of February 11, 2009 | $786,453.20 |
| Advance for Receiver | 68,421.50 |
| Insurance Premium Payments (total) | 10,156.77 |
| Total | $865,031.47 |

Dyer Affidavit, ¶ 15 and Exhibit C.

[27] Dyer Affidavit ¶ 16; Amended Complaint, Exhibit B, page 1, ¶ 1.1 and Exhibit C, page 1, ¶ 1.1. Plaintiff's prime rate for the applicable periods is set forth in the Dyer Affidavit, Exhibit A.

[28] Dyer Affidavit, ¶ 17; Amended Complaint, Exhibit B, page 3, ¶ 6 and Exhibit C, page 3, ¶ 6.

[29] Dyer Affidavit, ¶¶ 18 and 20 and Exhibit B.

[30] Dyer Affidavit, ¶¶ 19 and 20 and Exhibit C.

As of May 16, 2010, the total amount due and owing by defendant to plaintiff under the notes is $3,654,689.93.[31] Despite plaintiff's demand for payment, defendant has failed and refuses to pay the amount due under the notes.[32]

## Standard of Review

In considering a motion for summary judgment, the court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Federal Home Loan Mortgage Corporation v. Scottsdale Insurance Company, 316 F.3d 431, 433 (3d Cir. 2003).

Only facts that may affect the outcome of a case are "material". Moreover, all reasonable inferences are drawn in favor of the non-movant. Anderson, supra.

---

[31] The total amount owed of $3,654,689.93 is calculated as follows:

A & D Note:

| | |
|---|---|
| Principal | $2,359,720.68 |
| Interest | 311,797.73 |
| Total | $2,671,518.41 |

Revolving Note:

| | |
|---|---|
| Principal | $865,031.47 |
| Interest | 118,140.05 |
| Total | $983,171.52 |
| **Grand Total Due** | **$3,654,689.93** |

Dyer Affidavit, ¶ 20 and Exhibits B and C.

[32] Dyer Affidavit, ¶ 21.

Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof.  See Watson v. Eastman Kodak Company, 235 F.3d 851, 858 (3d Cir. 2000).  The non-movant cannot avert summary judgment with speculation or by resting on the allegations in its pleadings, but rather must present competent evidence from which a jury could reasonably find in its favor. Ridgewood Board of Education v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999); Woods v. Bentsen, 889 F.Supp. 179, 184 (E.D.Pa.1995)(Reed, J.).

If a party fails to properly address another party's assertion of fact as required by Federal Rule of Civil Procedure 56(c), the court may consider the fact undisputed for purposes of the motion, and may grant summary judgment if the motion and supporting materials--including the facts considered undisputed-- show that the movant is entitled to it.  Fed.R.Civ.P. 56(e)(2) and (3).

## Discussion

Plaintiff's Amended Complaint states, in essence, a claim that defendant has breached its contractual obligation to plaintiff under the Construction Loan Agreement and the notes by failing to pay the amounts due.

The elements of a breach of contract claim include: (1) the existence of a contract, including its essential terms;

(2) a breach of a duty imposed by the contract; and (3) resultant damages. <u>Gorski v. Smith</u>, 812 A.2d 683, 692 (Pa.Super. 2002) (<u>citing</u> <u>Corestates Bank v. Cutillo</u>, 723 A.2d 1053, 1058 (Pa.Super. 1999)).

Because defendant has not responded to the within motion and thus has not addressed plaintiff's factual assertions, I consider them undisputed for purposes of this motion. Fed.R.Civ.P. 56(e)(2). For the following reasons, the record in this matter, including the factual assertions I consider undisputed, establishes that plaintiff is entitled to summary judgment against defendant.

Initially, there are contracts between plaintiff and defendant which include their essential terms. Plaintiff attached the Construction Loan Agreement, the A & D Note, and the Revolving Note as exhibits to its Amended Complaint.

These documents, all executed on June 12, 2007, show that plaintiff agreed to lend defendant, and defendant agreed to borrow, a sum not in excess of $2,887,500.00 on the A & D Note and a sum not in excess of $1,900,000.00 on the Revolving Note. The notes indicate defendant's promise to repay plaintiff the principal amounts and interest equal to the "prime rate" plus a spread of one-half of one percent, and an additional five percent in the event of default.

The existence of the contracts and their terms are further corroborated by the Affidavit of Carol Dyer ("Dyer Affidavit"), attached as an exhibit to the within motion.

Next, defendant breached its obligation to repay plaintiff under the Construction Loan Agreement and notes. The Dyer Affidavit establishes for the purposes of this motion that despite plaintiff's demand for payment, defendant has failed and refuses to pay the amount due under the notes.

Finally, plaintiff has established that it is entitled to damages in the amount of $3,654,689.93, the total amount owed under the notes as of May 16, 2010. This amount includes a principal balance of $2,359,720.68 and $311,797.73 in interest on the A & D Note, and a principal balance of $865,031.47 and $118,140.05 in interest on the Revolving Note. The Dyer Affidavit avers that these are the correct amounts due under the notes.

Additionally, the exhibits attached to the Dyer Affidavit show that plaintiff is entitled to these damages. Exhibit A is a listing of plaintiff's prime rate for the applicable time periods. Exhibits B and C are spreadsheets showing the calculations of principal and interest, including default interest, due under the A & D Note and the Revolving Note. Upon review of these exhibits, I conclude that plaintiff has correctly calculated the amount of principal and interest due under the notes.

Based upon the foregoing, I conclude that plaintiff has established all the elements of a cause of action for breach of

contract.  <u>See</u> <u>Gorski</u>, <u>supra</u>.  Accordingly, granting plaintiff's motion for summary judgment is legally appropriate.

Conclusion

For all the foregoing reasons, plaintiff is entitled to summary judgment as a matter of law.  Therefore, I grant its motion and enter judgment in favor of plaintiff Bank of America, N.A. and against defendant Colony Park at Benders Church, L.P. in the amount of $3,654,689.93.  Finally, because I have granted summary judgment, I dismiss plaintiff's alternative motion for default judgment as moot.